WIEAND, J.,
— On November 6, 1969, plaintiffs, Edward R. Dye and Helen M. Dye, husband and wife, filed their complaint alleging that wife-plaintiff had sustained injuries in a fall occurring on June 22, 1968. Her fall was alleged to have been caused by negligent maintenance of steps leading to the Immaculate Conception Church in the City of Allentown. On December 23, 1969, defendant, Most Rev. Joseph McShea, Bishop of the Roman Catholic Diocese of Allentown, caused to be filed a praecipe for a writ to join Pace Construction Company as an additional defendant. Service of the writ joining additional defendant was made on January 19, 1970. On June 30, 1970, additional defendant filed a motion to strike its joinder as an additional defendant, alleging defendant’s failure to comply with Pennsylvania Rule of Civil Procedure 2252(b). Despite this pending motion and without leave of court, defendant filed a complaint on July 28, 1970. He alleged therein that additional defendant had had exclusive possession and control of the steps to the church for purposes of doing repair work at the time of wife-plaintiff’s fall. Defendant contended, therefore, that the additional defendant was solely liable to plaintiffs on the cause of action alleged by plaintiffs, or jointly and severally liable thereon with defendant. Defendant’s complaint has not been served.
*31 Additional defendant’s motion to strike the joinder depends upon a 1969 amendment to Pa. R.C.P. 2252 (b). The rule, as amended, provides as follows:
“If the person sought to be joined is not a party to the action the joining party may file as of course a praecipe for a writ or a complaint. If the joinder is by writ the joining party shall file his complaint within twenty (20) days from the filing of the praecipe for the writ.” (Italics supplied.)
It is to be observed that prior to 1969 the Rules of Civil Procedure contained no such time requirement. It is to be observed further that the 1969 amendment prescribes no penalty for a defendant who fails to file a complaint within such time.
Defendant argues that no penalty should be imposed upon him for failure to file his complaint against the additional defendant unless and until plaintiffs or additional defendant have complied with Pa. R.C.P. 2254(d). This rule, which the 1969 amendments did not purport to change, provides as follows:
“If the joinder is commenced by writ, the plaintiff or the additional defendant joined, may move for judgment of non pros in the same manner as in an action of assumpsit, for failure of a defendant to file his complaint . . .”
The pertinent assumpsit rule, Pa. R.C.P. 1037(a) provides:
“If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros.” See also Oblosser v. Matthews, 18 D. & C. 2d 351.
The procedure adopted by the 1969 amendment to Pa. R.C.P. 2252(b) is quite obviously at variance with *32 the old procedure established by rule 2254(d). Whether the latter rule has been repealed by implication so as to bar a plaintiff or additional defendant from using the procedure therein set forth need not be determined. Suffice it to say that Pa. R.C.P. 2252 (b) imposes a new requirement on a defendant who seeks to join an additional defendant. The use of the word “shall” indicates that this procedure was intended to be mandatory: Amalgamated Transit Union, Division 85 v. Port Authority of Allegheny County, 417 Pa. 299. The rule seeks to eliminate the delay which has frequently followed the joinder of an additional defendant by writ. For present purposes, therefore, it is enough to know that defendant has violated this procedural rule by not filing his complaint within 20 days after he filed his praecipe for writ to join the additional defendant.
As already noted, R.C.P. 2252(b) prescribes no specific remedy to be used against a defendant who violates the time requirement contained therein. It does not expressly provide for the prothonotary to enter judgment of non pros as of course upon praecipe. Although rule 2254(d) does refer to a judgment of non pros upon failure to file a complaint, this pertains to the assumpsit procedure established by rule 1037 (a), and it does not appear that the rules committee intended a judgment of non pros to be entered of course upon failure of a defendant to comply with the time requirement of rule 2252(b). It is also true, of course, that rule 2252(b) does not expressly make provision for a motion to strike the joinder of an additional defendant which violates the procedure established thereby. The procedure which has developed in connection with Pa. R.C.P. 2253, however, permits the court to strike the joinder of an additional defendant which is not in compliance with the time *33 limitation of that rule. See Gundaker v. Romano Bros., Inc., 76 Montg. 622; Hower v. Bethlehem Authority et al., 30 Lehigh 447. Pursuant to that rule, the court may also extend the time for joining an additional defendant upon good cause shown. It would seem that a similar procedure would be best calculated to provide maximum safeguards for all parties in the enforcement of Pa. R.C.P. 2252(b). Such a method of enforcing the rule is also suggested by Pa. R.C.P. 1017(b)(2) which permits preliminary objections in the nature of a motion to strike whenever a pleading fails to conform with law or rule of court.
In the instant case, no sufficient reason for the delay has been shown. Inadvertence of counsel is not a sufficient reason for the grant of additional time to effect a joinder: Pileggi v. Jackson, 39 D. & C. 2d 427.
We conclude, therefore, that the joinder of an additional defendant in this action must be stricken. We do so without reluctance because no substantive rights of defendant will be defeated thereby. His right to receive contribution, if it exists, can be enforced in a separate action. Although the sole liability of the additional defendant to plaintiffs will be barred by the applicable statute of limitations, plaintiffs cannot complain of this, for they have never asserted any claim against Pace Construction Company. On the other hand, if it should be correct, as defendant avers, that Pace Construction Company was an independent contractor and in exclusive possession of the premises for purposes of making repairs thereto, this will constitute a complete defense to plaintiffs’ alleged cause of action against him: Hader v. Coplay Cement Mfg. Co., 410 Pa. 139, 151. All of the substantive issues raised by defendant in its complaint against additional defendant, therefore, can be determined in this or in some other proceeding. Meanwhile, plaintiffs’ *34 action against defendant is at issue and ready for trial.
ORDER
Now, March 23, 1971, it is ordered that defendant’s joinder of Pace Construction Company as an additional defendant in the above-captioned proceedings be and the same is hereby stricken.